1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA

10           SAN JOSE DIVISION

11  NORTH COAST MEDICAL, INC., a California )      Case No.: 13-CV-03406-LHK
    corporation                             )
12                                          )
              Plaintiff,                     )
13                                          )      ORDER DENYING IN PART
          v.                                )      PLAINTIFF'S MOTION FOR PARTIAL
14                                          )      SUMMARY JUDGMENT; NOTICE OF
    HARTFORD FIRE INSURANCE COMPANY, )             INTENT TO GRANT SUMMARY
15  a Connecticut corporation,              )      JUDGMENT IN FAVOR OF
                                            )      DEFENDANT
16            Defendant.                     )
                                            )
17  _____)

18          Plaintiff North Coast Medical ("North Coast") initiated this litigation against its insurer,

19  Hartford Fire Insurance Company ("Hartford"), for declaratory judgment and breach of insurance

20  contract. *See* ECF No. 1. The crux of North Coast's claim is that Hartford had a duty to indemnify

21  and defend North Coast in underlying litigation pending in the U.S District Court for Southern

22  District of New York. *See id.* North Coast has filed a Motion for Partial Summary Judgment, in

23  which North Coast contends that several exclusions to the insurance policy on which Hartford

24  relied to deny coverage should not apply as a matter of law. *See* ECF No. 22. Hartford has filed an

25  Opposition, *see* ECF No. 35, and North Coast has filed a Reply, *see* ECF No. 28. The Court finds

26  the Motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and

27  therefore VACATES the hearing set for February 20, 2014. The Court further CONTINUES the

28

1

Case No.:  13-CV-03406-LHK
ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF
INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

Case Management Conference set for February 20, 2014 to March 26, 2014, at 2 p.m. Having

considered the briefing, the record in this case, and applicable law, the Court DENIES in part the

Motion and provides notice of its intent to grant summary judgment in favor of Hartford, the non-

moving party, for the reasons stated below.

## I.       BACKGROUND

### A.       The Insurance Policy

North Coast purchased an insurance policy from Hartford in November 2010, and the

policy, which was renewed for two subsequent years, was effective until November 1, 2013. ECF

No. 1 ¶ 7. Pursuant to the policy, Hartford agreed to indemnify and defend North Coast to the

extent that North Coast was potentially liable for "personal and advertising injury." ECF No. 1 ¶

10. "Personal or advertising injury" was defined to include injury arising out of, among other

things, "[i]nfringement of copyright, slogan, or title of any literary or artistic work in your

'advertisement.'" ECF No. 22 at 6.

The policies further contained three exclusions that are the subject of the instant motion.

First, the insurance policies contained an exclusion for damages arising out of infringement of

certain intellectual property rights. That exclusion, called the "Intellectual Property Exclusion,"

precludes coverage for:

> (1) "Personal and advertising injury" arising out of any actual or alleged infringement or
> violation of any intellectual property right, such as copyright, patent, trademark, trade
> name, trade secret, service mark or other designation of origin or authenticity; or
>
> (2) Any injury or damage alleged in any claim or "suit" that also alleges an infringement or
> violation of any intellectual property right, whether such allegation of infringement or
> violation is made by you or by other party involved in the claim or "suit", regardless of
> whether this insurance would otherwise apply.
> However, this exclusion does not apply if the only allegation in the claim or "suit"
> involving any intellectual property right is limited to:
>
> > (1) Infringement, in your "advertisement" of:
> >
> > > (a) Copyright;
> > > (b) Slogan; or
> > > (c) Title of any literary or artistic work; or
> >
> > (2) Copyright, in your "advertisement", a person's or organization's "advertising
> > idea" or style of "advertisement".

ECF No. 8 ¶ 53.

The language of the Intellectual Property Exclusion was modified as part of the 2011 renewal of the insurance policy. The initial policy's exception to the exclusion for slogans was narrower. That exception stated that the exclusion does not apply where the alleged infringement in the underlying suit related to "[s]logan, unless the slogan is also a trademark, trade name, service mark or other designation of origin or authenticity." ECF No. 8 ¶ 52.

The second exclusion that is the subject of the instant motion is the "Prior Publication Exclusion," under which coverage does not extend to:

> "Personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

ECF No. 8 ¶ 51.

The third and final exclusion at issue in the instant motion is the "Knowing Violation Exclusion" under which the insurance policy does not cover:

> "Personal and Advertising Injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

ECF No. 8 ¶ 54.

## B.    The Underlying Litigation

On March 8, 2013, prior to the commencement of the underlying litigation, Fabrication Enterprises, Inc. ("Fabrication"), the plaintiff in the underlying litigation, sent a letter to North Coast demanding that North Coast cease using "THERA-PUTTY" because such use infringed Fabrication's registered trademark and created confusion. ECF No. 23 ¶ 2. North Coast refused to stop using "THERA-PUTTY."

Accordingly, on April 16, 2013, Fabrication initiated the underlying litigation in the U.S. District Court for the Southern District of New York, seeking injunctive relief and damages for North Coast's use of Fabrication's trademark "THERA-PUTTY." ECF No. 23, Ex. A ("N.Y. Compl."). The complaint in the underlying action alleged that Fabrication's predecessor had been using "THERA-PUTTY" since 1962, and that the mark was federally registered in 1990. N.Y. Compl. ¶ 9. Fabrication, since being assigned the rights, has sold a resistive exercise putty with the

3

name "THERA-PUTTY." N.Y. Compl. ¶ 11. The underlying complaint alleges that North Coast also manufacturers an exercise putty known as "THERA-PUTTY" without the authorization or consent of Fabrication. N.Y. Compl. ¶ 12. Accordingly, the complaint stated causes of action for trademark infringement and false designation of origin. N.Y. Compl. ¶ 17-27.

On May 10, 2013, Fabrication filed an amended complaint in the underlying litigation, alleging substantially the same facts, but adding causes of action for common law trademark infringement, unfair competition, and consumer fraud. *See* ECF No. 23, Ex. A ("Amended N.Y. Compl."). North Coast answered the amended complaint in the underlying litigation on May 24, 2013. *See* ECF No. 23, Ex. B.

### C.     The Insurance Dispute and This Litigation

In May 2013, North Coast tendered defense of the underlying litigation to Hartford. Hartford requested more information, and on May 16, 2013, North Coast's Chief Operating Officer provided that information, indicating to Hartford that North Coast had been advertising and selling THERA-PUTTY, a therapeutic exercise putty, since 1983. *See* ECF No. 28-2. On May 17, 2013, Hartford, through its claims management services company, Sedgwick, denied coverage. *See* ECF No. 23, Ex. C. In the letter denying coverage, Hartford stated that the allegations in the underlying litigation do not meet the definition of "personal advertising injury" in the insurance contract, and that three above-mentioned exclusions—the Intellectual Property Exclusion, the Prior Publication Exclusion, and Knowing Violation Exclusion—applied. *See id*. Accordingly, Hartford stated that it would not defend or indemnify North Coast.

On June 10, 2013, North Coast, through counsel, sought reconsideration of Hartford's initial decision. *See* ECF No. 28-4. The letter seeking reconsideration indicated that North Coast had been using "THERA-PUTTY" since seven years before Fabrication's 1990 federal registration. *See id.* In response, on June 27, 2013, Hartford reaffirmed its denial of coverage. In the letter, Hartford, having considered the amended complaint in the underlying litigation, stated that Prior Publication Exclusion applied because North Coast had been using "THERA-PUTTY" prior to the inception of the insurance policy in November 2010. *See* ECF No. 23, Ex. D. The letter further

4

Case No.:  13-CV-03406-LHK
ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF
INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

stated that the Intellectual Property Exclusion applied, as "THERA-PUTTY" was not a slogan since it was a product name and not a brief attention-getting phrase. *See id.* Finally, the letter indicated that the Knowing Violation Exclusion applied because North Coast continued to infringe even after receiving a demand to cease. *See id.*

On July 23, 2013, North Coast brought the instant litigation against Hartford for declaratory relief and breach of insurance contract. See ECF No. 1. On September 18, 2013, Hartford answered. See ECF No. 8. In its Answer, Hartford alleged several affirmative defenses, including, *inter alia,* that the three exclusions discussed in its letter to North Coast precluded coverage. On October 9, 2013, the case was assigned to the undersigned judge. *See* ECF No. 14. On October 28, 2013, before the Court's initial case management conference or any discovery, North Coast filed the instant Motion for Partial Summary Judgment. *See* ECF No. 22. Specifically, North Coast seeks partial summary judgment that the three exclusions discussed above do not apply. *See id.* North Coast also requested judicial notice of Patent and Trademark Office proceedings along with its Motion. *See* ECF No. 24.[1] Hartford filed an Opposition on December 11, 2013. *See* ECF No. 28. North Coast filed a Reply on January 17, 2014. *See* ECF No. 35.

## II.    LEGAL STANDARDS

### A.    Summary Judgment

The standards for partial summary judgment are identical to the standards for summary judgment. *See E.piphany, Inc., v. St. Paul Fire & Marine Ins. Co.*, 590 F. Supp. 2d 1244 (N.D. Cal. 2008). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputed issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a

---

[1] The Court GRANTS this unopposed request for judicial notice, as the Court may take judicial notice over undisputed public documents. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 n.1 (9th Cir. 2004) (granting judicial notice over "undisputed matters of public record").

Case No.:  13-CV-03406-LHK
ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative," the Court may grant summary judgment. *Id.* at 249-50 (citation omitted). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 323. To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted). Once the moving party has satisfied its initial burden of production, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 1103.

### B.    Rule 56(f)

Under Rule 56(f) of the Federal Rules of Civil Procedure, "[a]fter giving notice and a reasonable time to respond," the Court may "grant summary judgment for a nonmovant." Fed. R. Civ. P 56(f). "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp.*, 477 U.S. at 326. "A district court maintains the discretion to grant a non-moving party summary judgment, even where the nonmovant does not file a cross-motion for summary judgment." *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 980 n. 5 (8th Cir. 2006).

### III.    DISCUSSION

In the instant Motion, North Coast contends that the three exclusions discussed above—the Intellectual Property Exclusion, the Prior Publication Exclusion, and the Knowing Violation Exclusion—do not apply in this case and that therefore North Coast is entitled to partial summary

Case No.:  13-CV-03406-LHK
ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

**United States District Court**
For the Northern District of California

1    judgment on Hartford's assertions of these exclusions as affirmative defenses. *See* ECF No. 22.

2    The parties appear to agree that the applicability of the Intellectual Property Exclusion and the

3    Prior Publication Exclusion present pure questions of law, on which no further factual development

4    is necessary. *State Farm Fire & Cas. Co. v. Yukiyo, Ltd.*, 870 F. Supp. 292, 294 (N.D. Cal. 1994)

5    ("Where the terms and conditions of an insurance policy constitute the entire agreement between

6    the parties, its interpretation is essentially a question of law, particularly well-suited for summary

7    judgment."). With respect to the Knowing Violation Exclusion, however, there is some dispute

8    regarding whether development of the underlying litigation could affect Hartford's duties. *See* ECF

9    No. 28 at 18-19 (Hartford's contention that with respect to the duty to indemnify, further factual

10   development is needed on the Knowing Violation Exclusion). Nonetheless, if any single one of the

11   exclusions clearly apply as a matter of law, that is dispositive of the instant action, since Hartford

12   would not have a duty to defend or indemnify if an exclusion clearly applies.

13          Before the Court turns to interpretation of the exclusions at issue in the instant case, the

14   Court summarizes some basic principles of insurance law in California. Under California law, an

15   insurer has a broad duty to defend insured entities against claims that create a potential for

16   indemnity. *See Montrose Chem. Corp. v. Sup. Ct.*, 6 Cal. 4th 287, 295 (1993). The duty to defend is

17   broader than the duty to indemnify. *See Horace Mann Ins. CO. v. Barbara B.*, 4 Cal. 4th 1076,

18   1081 (1993). While the duty to defend is broad, however, the duty to defend is not unlimited.

19   *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 19 (1995). In determining whether there is a

20   duty to defend, courts must look to the complaint in the underlying litigation and "all facts known

21   to the insurer from any source." *See Montrose Chem. Corp.*, 6 Cal. 4th at 300.

22          In interpreting an insurance policy, the Court first looks to the language of the policy itself.

23   The "clear and explicit meaning" of the provisions "interpreted in their ordinary and popular sense

24   . . . controls judicial interpretation unless [the disputed terms are] used by the parties in a technical

25   sense, or unless a special meaning is given to them by usage." *See Montrose Chem. Corp. v.*

26   *Admiral Ins. Co.*, 10 Cal. 4th 645, 666 (1995). "If the meaning a layperson would ascribe to the

27   language of a contract of insurance is clear and unambiguous, a court will apply that meaning." *Id.*

28

7

**United States District Court**
For the Northern District of California

at 666-67. "[I]f the disputed terms are ambiguous, a court must attempt to resolve the ambiguity by adopting the meaning that reflects the objectively reasonable expectations of the insured." *Flintkote Co. v. Gen. Acc. Assur. Co.*, 410 F. Supp. 2d 875, 881 (N.D. Cal. 2006). "[I]f the court is unable to determine the objective expectations of the insured, the ambiguity is resolved against the insurer." *Id.* at 882.

With these principles in mind, the Court now turns to the Intellectual Property Exclusion. There is no dispute that the Intellectual Property Exclusion, which precludes coverage for trademark infringement disputes, would apply here to bar coverage unless an exception to the exclusion applied. Specifically, North Coast contends that the exception to the Intellectual Property Exclusion for circumstances in which the alleged infringement occurs in a "slogan" should apply here. *See* ECF No. 22 at 11-12. Hartford contends, in contrast, that the alleged trademark infringement in the underlying litigation here—North Coast's use of "THERA-PUTTY"—is not infringement in a slogan, but merely is infringement in the product's name. *See* ECF No. 28 at 11-17.

In *Palmer v. Truck Ins. Co.*, 21 Cal. 4th 1109 (1999), the California Supreme Court addressed the definition of "slogan" in a coverage dispute with an insurance contract similar to that at issue here. The insurance policy in *Palmer* provided coverage for "Advertising Liability," which included "[i]nfringment of copyright or of title or of slogan," but excluded coverage "with respect to advertising activities for infringement of registered trade mark, service mark or trade name . . . ." *Id.* at 1114. There was an exception to the exclusion when a title or slogan was at issue. *Id.* The dispute underlying *Palmer* concerned whether the insured infringed a trademark for "Valencia" by naming its real estate complexes "Valencia Village Apartments," "Valencia Vista Condominiums," and "Valencia Terrace Apartments." *Id.* at 1112-13. A jury in the litigation underlying *Palmer* found that the insured's "use of the mark VALENCIA was likely to cause confusion, infringing and a false representation or a false designation of origin." *Id.* at 1113 (internal quotation marks omitted). The jury did not find that the insured infringed any of the accusing party's slogans, only the "Valencia" mark. *Id.* The California Supreme Court held that the "slogan" exception to the

Case No.: 13-CV-03406-LHK
ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

trademark exclusion did not apply. The California Supreme Court held that "[a] slogan is a brief

attention-getting *phrase* used in advertising or promotion or a *phrase* used repeatedly, as in

promotion." *Id.* at 1120 (emphasis in original; internal citations and quotation marks omitted).

Accordingly, the California Supreme Court found that "the infringing use of a trademark that is

*merely a word* in a phrase used as a slogan is not the same as the infringing use of a slogan." *Id.*

(emphasis added). The California Supreme Court concluded that "[w]hile there may be instances

where the name of a business, product or service, by itself, is also used as a slogan, the name

'Valencia' was not." *Id.*

Applying this definition of "slogan" in the instant case, the Court finds that "THERA-

PUTTY" is not a "slogan" that is exempted from the Intellectual Property Exclusion. "THERA-

PUTTY" is a single word—not a brief attention-getting phrase or a phrase utilized repeatedly.[2] In,

the litigation underlying the instant case, Fabrication did not allege that North Coast allegedly

infringed Fabrication's trademark by using any sort of phrase. *See Aloha Pacific, Inc. v. California

Ins. Guarantee Ass'n*, 79 Cal. App. 4th 297, 317 (holding that there was no slogan infringement

when in the underlying action, the court found infringement of "Rusty's Island Chips" and "Island

Chips"—trademarks and trade dress, not slogans). Rather, Fabrication's contention was that North

Coast infringed by using the name of the product itself. *See* N.Y. Compl. at 7 (requesting as relief

"destruction of all infringing product"); Amended N.Y. Compl. at 11 (same). This case is therefore

similar to *Interstate Bakeries Corp. v. One Beacon Ins. Co.*, 773 F. Supp. 2d 799 (W.D. Mo. 2011),

where a district court in Missouri, after surveying interpretations of "slogan" in insurance policies,

concluded that "Nature's Own"—the name of the plaintiff's bread brand that was being

challenged—was not a slogan. While in *Palmer*, the California Supreme Court indicated that

there may be instances in which the name of a product is also used as a slogan, there is no indication

---

[2] North Coast contends that "THERA-PUTTY" is more than a single word, because it merges the
words therapeutic and putty. *See* ECF No. 22 at 11. The Court is not persuaded. "THERA-
PUTTY" is better viewed as a portmanteau, which is defined as "[a] *word* formed by blending
sounds from two or more distinct words and combining their meanings" *See* Oxford English
Dictionary (3d ed. 2006) (emphasis added).

9

United States District Court
For the Northern District of California

from the complaint in the underlying litigation or the record in the instant case that "THERA-PUTTY" was used as a slogan, in addition to a product name by either Fabrication or North Coast.

Courts that have found phrases to be slogans have had much clearer evidence that the phrase in question was used as an advertising tagline. For example, the Sixth Circuit found that "The Wearable Light" was a slogan where that phrase appeared below the name of the product, "SAPPHIRE" (a LED flashlight) in smaller type in advertising. *Cincinnati Ins. Co. v. Zen Design Grp., Ltd.*, 329 F.3d 546, 556 (6th Cir. 2003). Similarly, the Ninth Circuit held that alleged infringement that stemmed from the insured's use of the phrase "Steel Curtain" triggered a duty to defend because the underlying complaint brought by the NFL suggested that "Steel Curtain" was used to promote fan loyalty to the Pittsburg Steelers. *Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1268 (9th Cir. 2010). Accordingly, the Ninth Circuit affirmed the district court's conclusion that alleged infringement of "Steel Curtain" was alleged slogan infringement since "Steel Curtain" was a "brief attention-getting phrase used in advertising or promotion." *See id.* (quoting *Palmer*, 21 Cal. 4th at 1120. Unlike these cases, both the complaint in the underlying litigation and the record in the instant case suggest only that both Fabrication and North Coast were using "THERA-PUTTY" as a name of the product, not as a phrase that evokes the product. *See* N.Y. Compl. ¶ 11 ("Fabrication sells its resisitive exercise putty under its THERA-PUTTY mark in interstate commerce throughout the United States."); Amended N.Y. Compl. ¶ 11 (same).[3] Accordingly, the Court holds that as a matter of law, the "slogan" exception to the Intellectual Property Exclusion was not implicated by the complaint in the underlying litigation, and therefore, the Intellectual Property Exclusion applies here.

---

[3] North Coast contends that the change in the language of the insurance policies between the original policy and the amended policies demonstrates the parties' intent to cover product names as slogans. *See* ECF No. 22 at 12. Specifically, North Coast contends that the original policy excepted from the Intellectual Property Exclusion any "[s]logan, unless the slogan is also a trademark, trade name, service mark or other designation of origin or authenticity." ECF No. 8 ¶ 52. In contrast, the new policies excepted all slogans from the Intellectual Property Exclusion. ECF No. 8 ¶ 53. The Court, however, does not consider this change in the language for the purposes of discerning the intent of the parties, because the language of the policy itself is clear. Accordingly, the language is dispositive, and the Court may not look to the parties' intent. *See Montrose Chem. Corp.*, 10 Cal. 4th at 666-67.

Case No.: 13-CV-03406-LHK
ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11

The Court's finding as a matter of law that the Intellectual Property Exclusion applies is dispositive of the case. Hartford is not required to defend or indemnify North Coast with respect to the underlying litigation. There is no need for the Court to determine whether the other exclusions in the insurance policy apply. Because the Court's conclusion regarding the Intellectual Property Exclusion is dispositive, the Court intends to grant summary judgment in favor of Hartford, a non-moving party. Because Hartford has not moved, however, the Court, in an abundance of caution, provides notice to North Coast under Rule 56(f) of the Federal Rules of Civil Procedure, of the Court's intent to grant summary judgment. If North Coast persuades the Court that it should not enter summary judgment in Hartford's favor on the basis of the Intellectual Property Exclusion, then the Court will consider North Coast's Motion for Partial Summary Judgment with respect to the other exclusions.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES in part North Coast's Motion for Partial Summary Judgment. The Court further provides notice pursuant to Rule 56(f) of the Court's intent to grant summary judgment in favor of the non-moving party, Hartford, on the basis of the analysis above. The parties may respond to this Court's notice of intent to grant summary judgment within 14 days. The Court notes, however, that it has carefully considered the arguments made on the briefing in the instant Motion, and that the arguments made in those briefs are preserved for appellate review. Accordingly, any responses to the notice of intent to grant summary judgment need only address new legal arguments or facts that were not part of the instant Motion.

**IT IS SO ORDERED.**

Dated: February 17, 2014

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No.:  13-CV-03406-LHK
ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF
INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT